596

Interstate Life & Accident Insurance Co.,
v. Aline Ellinberg

5-4233                                               414 S. W. 2d 857

Opinion delivered May 15, 1967

*Macom & Moorhead,* for appellant.

*George E. Pike,* for appellee.

Paul Ward, Justice. This is an action to collect on an insurance policy issued by the Interstate Life & Accident Ins. Co. (appellant) to the husband (now deceased) of appellee—Aline Ellinberg. Suit was filed, under the policy, by appellee and, upon trial, the jury returned a verdict in her favor.

On appeal, appellant relies on one point:

"The Court erred in not granting appellant's request for a directed verdict in its favor upon the conclusion of the evidence, because there was no substantial evidence on which a verdict could be based."

Set out below is a summary of the essential, and undisputed, background facts.

The policy was issued on March 22, 1965; it pur-

ported to pay $1,000 to the beneficiary (appellee) upon the death of Mr. Ellinberg who died December 17, 1965; an application for the policy, signed by the deceased and appellant's agent, furnished certain information given by the deceased; the application (as filled out and signed) and the policy are made a part of the record, and; the decisive issue is whether the policy was invalidated because of false information contained in the application. The material questions and answers contained in the application are set out below:

15. "Q. Are you now in good health and free from physical impairment or deformity?

A. Yes.

16. Q. Have you ever had an operation?

A. Yes, appendectomy 1942.

17. Q. Have you ever been advised to have an operation?

A. Same as No. 16.

19. Q. Have you ever had any ailment listed (twenty diseases are listed, one of which is 'high or low blood pressure')?

A. None."

23. "Give below all causes for which you have con- consulted a doctor in the last five years.

A. None."

The material parts of the policy are set out below.

"If this policy was originally issued on the weekly payment basis, and if, within two years before the date of issue of this policy you received institutional, hospital, medical or surgical treatment or attention, this policy will be void, unless (1) the claim-

ant shows that the treatment was not material to the risk, or (2) reference to the treatment is contained in the application for this policy, or (3) the policy has become incontestable. If the policy is void, the premiums will be refunded.''

The policy was issued on a weekly payment basis.

*Testimony.* Set out hereafter is a brief summary of the testimony introduced in evidence.

*Dr. Hester,* for appellant: I treated the deceased between March 22, 1963 and March 22, 1965; treated him for asthmatic bronchitis, for asthma seven or eight times; his blood pressure was elevated; deceased knew he had high blood pressure; I had deceased in the hospital several times.

Mrs. Gilbert, a witness for appellant, testified: I am employed at the DeWitt City Hospital, in charge of keeping records; the deceased was admitted to the hospital once in September and twice in November, 1964.

Appellee, in her brief, states the decisive issue in this case as follows: ''The question, therefore, in this case is whether or not there is any testimony in this record to show that the ailment was more than a mere temporary, trifling or unimportant affliction.''

Put on that basis, we think the case must be reversed, because we think there is such testimony—as pointed out previously. Appellee testified that her husband ''died from a heart attack''. Dr. Hester not only testified the deceased had high blood pressure and that he knew about it but he further testified that asthma could induce coronary thrombosis. He stated: ''The problems which you see with asthma as far as your cardial is concerned is a right-sided heart failure which comes on over a period of time due to the thickening of

the right side of the heart due to the fibrosis of the lungs . . . ." As previously pointed out the policy would be void if deceased failed to reveal the facts that he had received hospital or medical treatment within two years before issuance of the policy. The record is conclusive that he did receive such treatment and within the stated time. Also we think the treatments were for ailments more than "mere temporary, trifling or unimportant". It is pointed out that a doctor's testimony in matters of this nature are entitled to more weight and consid-reation than that of lay witnesses. This was pointed out in the case of *Woodmen of the World* v. *Brown* 194 Ark. 219 (p. 223) 106 S. W. 2d 591.

The case must therefore be and it is hereby reversed.

Reversed.